**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jane Doe, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Deval L. Patrick, Governor of the Commonwealth of Massachusetts; Massachusetts Department of Correction; Luis S. Spencer, Commissioner of the Massachusetts Department of Correction; and Lynn Bissonnette, Superintendent of the Massachusetts Correctional Institution at Framingham,<br><br>Defendants. | Civil Action No. 1:14-cv-12813 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

ARGUMENT..........................................................................................................................2

I. PLAINTIFF HAS A SUBSTANTIAL PRIVACY INTEREST IN PROTECTING HER MENTAL HEALTH STATUS FROM PUBLIC DISCLOSURE. ............................3

II. THE PUBLIC INTEREST WEIGHS IN FAVOR OF ANONYMITY..............................4

III. DEFENDANTS WILL NOT BE PREJUDICED BY ALLOWING PLAINTIFF TO REMAIN ANONYMOUS ............................................................................................5

CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Anonymous v. Legal Servs. Corp. of Puerto Rico*, 932 F. Supp. 49 (D.P.R. 1996)....4

*Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72 (D.R.I. 1992)....2, 3

*Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006)....3, 4

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)....2

*Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)....3

*Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981)....3

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)....2, 5

*Doe v. United Behavioral Health*, CIV.A. 10-5192, 2010 WL 5173206 (E.D. Pa. Dec. 10, 2010)....4

*Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)....2, 4

*EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003)....4, 5

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993)....2

*Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001)....2

*Roe v. Wade*, 410 U.S. 113 (1973)....2

**STATE STATUTES**

Mass. Gen. Laws Ch. 123, § 35....1

Plaintiff Jane Doe respectfully submits this Memorandum of Law in Support of Her Motion for Leave to Proceed Pseudonymously.

**INTRODUCTION**

Plaintiff is a woman presently incarcerated at the Massachusetts Correctional Institute at Framingham ("MCI-F"). Plaintiff is not incarcerated because she has been charged with or convicted of any crime. Rather, she is confined at MCI-F solely pursuant to a civil commitment for substance abuse treatment under Chapter 123, Section 35 of the Massachusetts General Laws ("Section 35"). In short, she is in prison because she has a mental illness: substance abuse addiction.

The imprisonment of women civilly committed to MCI-Framingham amounts to the criminalization of addiction, unnecessarily stigmatizing those who have an urgent medical need. That stigmatization would be compounded by requiring Plaintiff to proceed in this case using her true identity. The nature of this case is such that disclosure of Plaintiff's identity to the public will necessarily result in the disclosure of the fact that she has a substance abuse addiction and the humiliating prison conditions that she has endured. Plaintiff, who has long strived to keep her condition as private as possible, would be forced to reveal this sensitive health information simply to have her claims heard.

Plaintiffs with mental illness should not be required to choose between pursing their claims and forfeiting their rights to keep their medical conditions private. And the law does not require that they be put to such a choice. Courts around the country and in this District have recognized that plaintiffs with mental illness have a substantial privacy interest in protecting their mental health status from public disclosure and that, to protect that information, they should be allowed to proceed pseudonymously. So should the Plaintiff here.

Allowing Plaintiff to proceed pseudonymously will not undermine the public's interest in open courts. Plaintiff is not requesting that the entire case be sealed or that the public's right to access be curtailed in any meaningful way. Plaintiff only requests reasonable privacy protections.[1] Indeed, allowing Plaintiff to proceed pseudonymously will serve the public's interest in ensuring that mentally ill citizens have access to the courts by demonstrating that claims can be pursued while mental health status is protected.

Allowing Plaintiff to proceed pseudonymously will also not prejudice Defendants. Plaintiff is willing to provide her full name to defense counsel, upon entry of an appropriate order from this Court directing Defendants' counsel to hold Plaintiff's name confidential. This will allow Defendants to use Plaintiff's name to the extent necessary for litigation purposes, without compromising Plaintiff's privacy interest.

Accordingly, because Plaintiff possesses a substantial privacy interest in limiting the disclosure of her personal health information; the public has a strong interest in ensuring the adjudication of claims brought by the mentally ill; and the lack of prejudice to Defendants, Plaintiff respectfully requests that the Court grant her Motion for Leave to Proceed Pseudonymously.

## ARGUMENT

Courts have discretion to allow plaintiffs to proceed pseudonymously. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113, 120 n.4 (1973) (allowing plaintiff to challenge Texas criminal abortion statutes using pseudonym). Although the First Circuit has not established standards for determining when a litigant may proceed pseudonymously, courts in this Circuit have recognized

[1] It is likely that Plaintiff will seek a protective order to protect the confidentiality of substance abuse and mental health records in discovery.

that anonymity is appropriate "where a substantial privacy interest is involved."[2] *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)). This substantial privacy interest must be balanced against the public's interest in open courts and any prejudice to defendants. *Id.*

Plaintiff has a substantial privacy interest in preventing the public disclosure of the fact that she suffers from a mental illness. Protecting that disclosure through the use of pseudonyms will serve the public interest and will not prejudice Defendants.

## I. PLAINTIFF HAS A SUBSTANTIAL PRIVACY INTEREST IN PROTECTING HER MENTAL HEALTH STATUS FROM PUBLIC DISCLOSURE

Generally, a substantial privacy interest exists if the disclosure of a litigant's identity would reveal highly sensitive personal characteristics or behavior—in particular characteristics or behavior giving rise to "social stigma." *Id*. Because of the social stigmas associated with it, a litigant's mental illness has repeatedly been held to give rise to a substantial privacy interest. *Id.* (noting that "mental illness" is one of the "most common" stigmatizing characteristics justifying anonymity of a party (quoting *Rostker*, 89 F.R.D. at 161)); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (allowing plaintiff to proceed anonymously and noting that "in our society, there is a significant stigma associated with being identified as suffering from a mental illness."). Because Plaintiff's claims are predicated on the fact that she has been unlawfully imprisoned as a result of her mental illness—substance abuse addiction—publication of her identity will necessarily disclose her mental illness to family, friends, and co-workers.

---

[2] Each Court of Appeals that has considered the issue has explicitly approved the use of pseudonyms to protect substantial privacy interests. *See, e.g.*, *Doe v. Porter,* 370 F.3d 558, 560-61 (6th Cir. 2004); *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 684-87 (11th Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-73 (9th Cir. 2000); *James v. Jacobson*, 6 F.3d 233, 238-43 (4th Cir. 1993); *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).

This has strong potential to subject them to increased stigmatization. *Provident Life*, 176 F.R.D. at 468 ("Doe fears that if others, such as his friends and business associates, learn of his psychiatric problems he will be stigmatized in the community. Doe's fear is not unfounded ."). Indeed, Congress has recognized the heightened need for confidentiality of substance abuse treatment records in the Drug Abuse Prevention, Treatment and Rehabilitation Act, 42 U.S.C. § 290dd-2, and its implementing regulations at 42 CFR Part 2. This statute protects from disclosure information concerning the identity or treatment of any patient in a federally assisted or conducted substance abuse treatment program.

Disclosure of Plaintiff's mental health status in this case would be especially problematic because of the significant potential for widespread publicity and, accordingly, broad disclosure of Plaintiff's identity. Plaintiff thus has a substantial privacy interest in preventing such disclosures by proceeding pseudonymously. *See, e.g.*, *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (allowing plaintiff to proceed anonymously to prevent disclosure of mental illness); *Anonymous v. Legal Servs. Corp. of Puerto Rico*, 932 F. Supp. 49, 50 (D.P.R. 1996) (same); *Doe v. United Behavioral Health*, CIV.A. 10-5192, 2010 WL 5173206, at *5 (E.D. Pa. Dec. 10, 2010) (same).

## II. THE PUBLIC INTEREST WEIGHS IN FAVOR OF ANONYMITY

The public also has a strong interest in protecting Plaintiff's identity. *United Behavioral Health*, 2010 WL 5173206, at *3 ("[C]ourts that have considered this issue have found that there is 'substantial public interest' in maintaining the anonymity of a mentally ill plaintiffs.") (internal citations omitted). This is because the public has a strong interest in ensuring "that cases like [Plaintiff's] are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization." *Hartford Life*, 237 F.R.D. at 550. This interest is "particularly strong" "where a plaintiff attacks . . . a governmental policy or statute . . . ." *EW v.*

*New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). The public interest extends not only to ensuring that Plaintiff's claims are heard without forcing Plaintiff to endure additional stigmatization, but also to ensuring that future litigants will not be discouraged from pursing their claims because doing so would force them to reveal their mental health status. *Hartford Life*, 237 F.R.D. at 550 (noting that the public interest is undermined "if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public"). Those interests are best served by allowing Plaintiff to proceed under a pseudonym.

There is minimal public interest in knowing the identity of the Plaintiff. Plaintiff is not a public figure. Although public interest in this lawsuit may become substantial, "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Whether women suffering from substance abuse addiction should be imprisoned is an important public issue, but the identities of the named Plaintiffs are not relevant to the public's consideration of that issue. Particularly because Plaintiff seeks to represent a class of women who have suffered the same treatment at the hands of Defendants, preventing the public from knowing the identity of these individuals will not compromise the public's understanding of the proceedings. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

## III. DEFENDANTS WILL NOT BE PREJUDICED BY ALLOWING PLAINTIFF TO REMAIN ANONYMOUS

Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously. Because Plaintiff is willing to disclose her full name to Defendants' counsel, Defendants will suffer no litigation prejudice from Plaintiff remaining anonymous. Moreover, although private

defendants may have an interest in limiting the ability of plaintiffs to make anonymous allegations, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *New York Blood Ctr.*, 213 F.R.D. at 111. The government's interest in the public disclosure of a plaintiff's identity is further discounted where, as here, government action is being challenged by a class. *Id.* This is because "the individual defendant's personal characteristics (such as credibility) are generally not in issue." *Id.*

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to proceed pseudonymously.

Dated: July 1, 2014

Respectfully submitted,

/s/ William F. Lee
William F. Lee (BBO# 291960)
Lisa J. Pirozzolo (BBO# 561922)
Sean K. Thompson (BBO# 624880)
WILMER CUTLER PICKERING
HALE AND DORR, LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
william.lee@wilmerhale.com
lisa.pirozzolo@wilmerhale.com
sean.thompson@wilmerhale.com

Matthew R. Segal (BBO# 654489)
Jessie J. Rossman (BBO# 670685)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS
211 Congress Street, 3rd Floor
Boston, MA 02110
Telephone: 617-482-3170
Facsimile: 617-451-0009
msegal@aclum.org
jrossman@aclum.org

        Robert D. Fleischner (BBO# 171320)
Samuel R. Miller (BBO# 624969)
CENTER FOR PUBLIC REPRESENTATION
22 Green Street
Northampton, MA 01060
Telephone: 413-586-6024
Facsimile: 413-586-5711
rfleischner@cpr-ma.org
smiller@cpr-ma.org

James R. Pingeon (BBO# 541852)
Bonita P. Tenneriello (BBO# 662132)
PRISONERS' LEGAL SERVICES
10 Winthrop Square, 3rd Floor
Boston, MA 02110
Telephone: 617-482-2773
Facsimile: 617-451-6383
jpingeon@plsma.org
btenneriello@plsma.org

*Attorneys for Plaintiff Jane Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each party below by mail on July 1, 2014.

Deval L. Patrick
Governor of the Commonwealth of Massachusetts
Massachusetts State House
Office of the Governor
Room 105
Boston, Massachusetts 02133

Massachusetts Department of Correction
DOC Central Headquarters
50 Maple Street
Suite 3
Milford, Massachusetts 01757

Luis S. Spencer
DOC Central Headquarters
50 Maple Street
Suite 3
Milford, Massachusetts 01757

Lynn Bissonnette
MCI-Framingham
99 Loring Drive
P.O. Box 9007
Framingham, Massachusetts 01701

/s/ William F. Lee

William F. Lee