# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JANE DOE**, **JANE DOE 2**, and **JANE DOE 3**,  individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>**DEVAL L. PATRICK**, Governor of the Commonwealth of Massachusetts; **MASSACHUSETTS DEPARTMENT OF CORRECTION**; **LUIS S. SPENCER**, Commissioner of the Massachusetts Department of Correction; and **LYNN BISSONNETTE**, Superintendent of the Massachusetts Correctional Institution at Framingham,<br><br>          Defendants. | Civil Action No. 1:14-cv-12813 |

## [PROPOSED] SUPPLEMENTAL CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Jane Doe 2 and Jane Doe 3[1]

(together, "Plaintiffs") hereby supplement the Class Action Complaint (Docket Entry 1)

(the "Complaint") with the following allegations and claims:

### THE PARTIES

1.     Plaintiff Jane Doe 2 has suffered from substance abuse for several years.

She was civilly committed to MCI-Framingham under Section 35 in July 2014.  Ms. Doe

---

[1] A supplemental motion seeking leave for Plaintiffs Jane Doe 2 and Jane Doe 3 to proceed pseudonymously is forthcoming.

1

2 was not charged with any crime.  She remains imprisoned in MCI-Framingham as of the date of the filing of this Supplemental Complaint.  Ms. Doe 2 is subject to the same, if not harsher, treatment as the criminally charged and criminally convicted at MCI-Framingham.  She is not currently receiving substance abuse treatment.

2.     Plaintiff Jane Doe 3 has been suffering from substance abuse in recent months.  She was civilly committed to MCI-Framingham under Section 35 in July 2014.  Ms. Doe 3 was not charged with any crime.  She remains imprisoned in MCI-Framingham as of the date of the filing of this Supplemental Complaint.  Ms. Doe 3 is subject to the same, if not harsher, treatment as the criminally charged and criminally convicted at MCI-Framingham.  She is not currently receiving substance abuse treatment.

**ALLEGATIONS RELATING TO PLAINTIFF JANE DOE 2**

3.     Plaintiff Jane Doe 2 has experienced all of the prison conditions described in the original Complaint.

4.     After being civilly committed, Ms. Doe 2 was transported in a police wagon to MCI-Framingham.

5.     She was subject to the same prison intake procedure as the criminally charged and criminally convicted women, including a strip search and a visual examination of her mouth, vagina, and anus.

6.     Ms. Doe 2 was forced to turn over all her personal items, including her clothing, and was forced to wear a prison uniform.

7.     Ms. Doe 2 was sent to the infirmary unit for detoxification.  She was given only over-the-counter medications for her withdrawal symptoms.

2

8.      After detoxification, she was moved to the Mod.

9.      Ms. Doe 2 has been locked in the Mod for the majority of her days at MCI-Framingham.

10.     Ms. Doe 2 has declined to visit the Mod's recreation area because it is simply a gravel-lined cage.

11.     Ms. Doe 2 has not met with a caseworker or a mental health counselor during her incarceration at MCI-Framingham.

12.     She also has received no substance abuse treatment during her incarceration at MCI-Framingham.

13.     Ms. Doe 2 has experienced increased anxiety since her arrival, particularly because she is housed in the same unit as pretrial detainees, and because of the uncertainty regarding when she will leave MCI-Framingham.

**ALLEGATIONS RELATING TO PLAINTIFF JANE DOE 3**

14.     Plaintiff Jane Doe 3 has experienced all of the prison conditions described in the original Complaint.

15.     After being civilly committed, Ms. Doe 3 was transported in a police wagon to MCI-Framingham.

16.     She was subject to the same prison intake procedure as the criminally charged and criminally convicted women, including a strip search and a visual examination of her mouth, vagina, and anus.  She was also forced to sit on a body orifice security scanner chair.

3

17.     Ms. Doe 3 was forced to turn over all her personal items, including her clothing, and was forced to wear a prison uniform.

18.     Ms. Doe 3 was sent to the infirmary unit for detoxification.  The only medications she received were for her withdrawal symptoms.

19.     After detoxification, she was moved to the Mod.

20.     Ms. Doe 3 has been locked in the Mod for the majority of her days at MCI-Framingham.

21.     Ms. Doe 3 has only visited the Mod's recreation area once, after which she declined to make subsequent visits.

22.     Ms. Doe 3 has not met with a caseworker or a mental health counselor during her incarceration at MCI-Framingham.

23.     She also has received no substance abuse treatment during her incarceration at MCI-Framingham.

24.     Ms. Doe 3 has experienced increased anxiety since her arrival, particularly because she is housed in the same unit as pretrial detainees, and because of the uncertainty regarding when she will leave MCI-Framingham and receive treatment.

**CLAIMS FOR RELIEF**

<u>**COUNT I**</u>

**Violation of Substantive Due Process Guaranteed by
the Fourteenth Amendment to the United States Constitution**

25.     Plaintiffs incorporate by reference the allegations set forth above and in the Complaint as if fully set forth herein.

26.     The Fourteenth Amendment to the United States Constitution provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law."

27.     Plaintiffs have a liberty interest in not being unjustly incarcerated in prison.

28.     Plaintiffs' incarceration in prison represents a substantial departure from accepted professional judgment, practice, or standards.  Plaintiffs' incarceration does not bear any reasonable relation to the purpose of Section 35, which, according to the statute, is to provide for "the care and treatment of alcoholism or substance abuse."

29.     By their policies, practices, and actions, Defendants violate the rights of Plaintiffs, as well as all members of the proposed Class, to substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution, as enforceable under 42 U.S.C. § 1983.

30.     Plaintiffs have suffered immediate and irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein and will continue to suffer that harm unless class-wide relief is granted.

5

31.     Plaintiffs have no adequate remedy at law to protect themselves and those similarly situated from this harm.  The injunctive relief sought by Plaintiffs is necessary to prevent continued and further injury.

## COUNT II

### Violation of Title II of the Americans with Disabilities Act

32.     Plaintiffs incorporate by reference the allegations set forth above and in the Complaint as if fully set forth herein.

33.     Title II of the ADA prohibits a "public entity" from discriminating against a "qualified individual with a disability . . . by reason of such disability."  42 U.S.C. § 12132.

34.     Plaintiffs, as individuals committed under Section 35 for substance addiction, are "qualified individual[s] with a disability" under Title II of the ADA, as defined in 42 U.S.C. § 12131(2) and § 12102(1).

35.     Defendant DOC is a "public entity" under Title II of the ADA, as defined in 42 U.S.C. § 12131(1).

36.     Under Section 35, Plaintiffs were placed in prison solely because of their disabilities.  They were not committed because of a criminal charge or conviction.  No other citizens in Massachusetts are forced to endure such unjustified incarceration as a condition of receiving needed medical treatment.

37.     The imprisonment of Plaintiffs under Section 35, including the imprisonment of all members of the proposed Class, violates Title II of the ADA by subjecting Plaintiffs to discrimination solely on the basis of their disabilities.

38.     Plaintiffs have suffered immediate and irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein and will continue to suffer that harm unless class-wide relief is granted.

39.     Plaintiffs have no adequate remedy at law to protect themselves and those similarly situated from this harm.  The injunctive relief sought by Plaintiffs is necessary to prevent continued and further injury.

## COUNT III

### Violation of Substantive Due Process Guaranteed by the Constitution of the Commonwealth of Massachusetts

40.     Plaintiffs incorporate by reference the allegations set forth above and in the Complaint as if fully set forth herein.

41.     Article 1 of the Massachusetts Declaration of Rights, as amended by Article 106 of the Amendments to the Constitution of the Commonwealth of Massachusetts, provides: "All people are born free and equal and have certain natural, essential and unalienable rights; among which may be reckoned the right of enjoying and defending their lives and liberties; . . . in fine, that of seeking and obtaining their safety and happiness."

42.     Article 10 of the Massachusetts Declaration of Rights provides: "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws."

43.     Article 12 of the Massachusetts Declaration of Rights provides that "no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities,

or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land."

44.    Article 4 of Section 1 of Chapter 1 of Part the Second of the Constitution of the Commonwealth of Massachusetts provides that the General Court has power "to make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances . . . so as the same be not repugnant or contrary to this constitution, as they shall judge to be for the good and welfare of this commonwealth, and for the government and ordering thereof, and of the subjects of the same . . . ."

45.    Plaintiffs have a liberty interest in not being unjustly incarcerated in prison.

46.    Plaintiffs' incarceration in prison represents a substantial departure from accepted professional judgment, practice, or standards.  Plaintiffs' incarceration does not bear any reasonable relation to the purpose of Section 35, which, according to the statute, is to provide for "the care and treatment of alcoholism or substance abuse."

47.    By their policies, practices, and actions, Defendants violate the rights of Plaintiffs, as well as all members of the proposed Class, to substantive due process guaranteed by the Constitution of the Commonwealth of Massachusetts.

48.    Plaintiffs have suffered immediate and irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein and will continue to suffer that harm unless class-wide relief is granted.

49.     Plaintiffs have no adequate remedy at law to protect themselves and those similarly situated from this harm.  The injunctive relief sought by Plaintiffs is necessary to prevent continued and further injury.

### COUNT IV

**Violation of Article 114 of the Constitution of
the Commonwealth of Massachusetts**

50.     Plaintiffs incorporate by reference the allegations set forth above and in the Complaint as if fully set forth herein.

51.     Article 114 of the Constitution of the Commonwealth provides that no "otherwise qualified handicapped individual" may "solely by reason of his handicap" be discriminated against in the context of "any program or activity within the commonwealth."

52.     Plaintiffs, as individuals committed under Section 35 for addiction to alcohol or controlled substances, are "otherwise qualified handicapped individual[s]."

53.     Under Section 35, Plaintiffs were placed in prison solely because of their disabilities.  They were not committed because of a criminal charge or conviction.  No other citizens in Massachusetts are forced to endure such unjustified incarceration as a condition of receiving needed medical treatment.

54.     The imprisonment of Plaintiffs under Section 35, as well as the imprisonment of all members of the proposed Class, violates Art. 114, as enforceable by M.G.L. ch. 93, § 103, by subjecting Plaintiffs to discrimination solely on the basis of their disabilities.

55.     Plaintiffs have suffered immediate and irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein and will continue to suffer that harm unless class-wide relief is granted.

56.     Plaintiffs have no adequate remedy at law to protect themselves and those similarly situated from this harm.  The injunctive relief sought by Plaintiffs is necessary to prevent continued and further injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a.     Certify this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and declare that Plaintiffs, together with Jane Doe, are representatives of the Class and that Plaintiffs' counsel are counsel for the Class;

b.     Issue preliminary and permanent injunctions against Defendants, their agents, officials, employees, and all persons acting in concert with them, requiring them to cease and desist from placing any women committed solely under Section 35 in a DOC facility;

c.     Issue a judgment against Defendants declaring that the acts, omissions, policies, and practices of placing women committed solely under Section 35 to DOC facilities are unlawful and violate the Fourteenth Amendment to the United States Constitution, the

Americans with Disabilities Act, the Constitution of the

Commonwealth of Massachusetts, and Massachusetts law;

d.      Award Plaintiffs their reasonable attorneys' fees and costs,

pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12133, Mass. Gen.

Laws ch. 93, § 103(d), Fed. R. Civ. P. 54(d), and other applicable

law; and

e.      Grant Plaintiffs such other and further relief as the Court considers

just and proper.

Dated:   July 17, 2014                    Respectfully submitted,

/s/ William F. Lee
William F. Lee (BBO# 291960)
Lisa J. Pirozzolo (BBO# 561922)
Sean K. Thompson (BBO# 624880)
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
60 State Street
Boston, MA  02109
Telephone:  617-526-6000
Facsimile:  617-526-5000
william.lee@wilmerhale.com
lisa.pirozzolo@wilmerhale.com
sean.thompson@wilmerhale.com

Matthew R. Segal (BBO# 654489)
Jessie J. Rossman (BBO# 670685)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS
211 Congress Street, 3rd Floor
Boston, MA  02110
Telephone:  617-482-3170
Facsimile:  617-451-0009
msegal@aclum.org
jrossman@aclum.org

Robert D. Fleischner (BBO# 171320)
Samuel R. Miller (BBO# 624969)
  (*pro hac vice*)
CENTER FOR PUBLIC REPRESENTATION
22 Green Street
Northampton, MA  01060
Telephone:  413-586-6024
Facsimile:  413-586-5711
rfleischner@cpr-ma.org
smiller@cpr-ma.org


James R. Pingeon (BBO# 541852)
Bonita P. Tenneriello (BBO# 662132)
PRISONERS' LEGAL SERVICES
10 Winthrop Square, 3rd Floor
Boston, MA  02110
Telephone:  617-482-2773
Facsimile:  617-451-6383
jpingeon@plsma.org
btenneriello@plsma.org


*Attorneys for Plaintiffs*

12