UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jane Doe, individually and on behalf of all others similarly situated,<br><br>                                Plaintiffs,<br><br>v.<br><br>Deval L. Patrick, Governor of the Commonwealth of Massachusetts; Massachusetts Department of Correction; Luis S. Spencer, Commissioner of the Massachusetts Department of Correction; and Lynn Bissonnette, Superintendent of the Massachusetts Correctional Institution at Framingham,<br><br>                                Defendants. | CIVIL ACTION<br>No. 1:14-cv-12813-DPW |

## **ANSWER**

Defendants submit their answer to the complaint by the following paragraphs and defenses.  In doing so, defendants do not waive any sovereign immunity against suit or liability under the Eleventh Amendment to the United States Constitution enjoyed by public officials sued in their official capacities.

## **INTRODUCTION**

1.      Paragraph 1 of the complaint contains summary allegations of fact and law to which no response is required.  To the extent that any portion of paragraph 1 could be construed to contain substantive allegations to which a response is required, those allegations are denied.

2.      Defendants deny the allegations in the first sentence of paragraph 2.  The allegations in the second and third sentences are admitted.  Defendants admit that personal property not permitted by institutional rules and regulations is taken from individuals who are civilly committed for the duration of their civil commitment at MCI-Framingham.  The

allegations in the fifth, sixth, and seventh sentences of paragraph 2 are admitted, except that uniformed security staff members at MCI-Framingham are corrections officers and not "guards." Defendants admit that civilly committed individuals are subject to regular "counts" at various times during the day.  All other allegations of the last sentence of paragraph 2 are denied.

3. Defendants deny the allegations in the first sentence of paragraph 3.  Defendants admit the allegations of the second sentence.  Defendants admit that individuals civilly committed at MCI-Framingham cannot pray at the chapel, but state that they have access to religious staff.  All other allegations of the last sentence of paragraph 3 are denied.

4. Denied.

5. Denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6.  Defendants state that the remarks referenced in paragraph 6 speak for themselves.  The remaining allegations of paragraph 6 contain conclusions of law to which no response is required.  To the extent a response is required, such allegations are denied.

7. Defendants state that any findings or reports issued by the governmental advisory panels referenced in paragraph 7 speak for themselves.  All other allegations in paragraph 7 are denied.

8. Paragraph 8 contains summary descriptions of the claims asserted in this lawsuit, to which no response is required.  To the extent that any portion of this paragraph could be construed to contain substantive allegations to which a response is required, those allegations are denied.

**JURISDICTION & VENUE**

9. Paragraph 9 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 9 are denied.

10. Paragraph 10 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 10 are denied.

11. Paragraph 11 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied.

**THE PARTIES**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.

13. Admitted.

14. Defendants admit that the Massachusetts Department of Correction is an executive department of the Commonwealth of Massachusetts. The remaining allegations of paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, such allegations are denied.

15. Defendants deny that Luis Spencer is the DOC Commissioner. By way of further answer, defendants state that Thomas E. Dickhaut is the present acting commissioner of DOC and that he maintains an office at DOC Central Headquarters in Milford, Massachusetts. The remaining allegations of paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, such allegations are denied.

16. Defendants admit that Lynn Bissonnette is the Superintendent of MCI-Framingham and that she has an office at MCI-Framingham. The remaining allegations of

paragraph 16 constitute conclusion of laws to which no response is required. To the extent a response is required, such allegations are denied.

## CIVIL COMMITMENT UNDER SECTION 35

*A.     Statutory Framework of Section 35*

17.     Paragraph 17 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 17 are denied.

18.     Paragraph 18 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 18 are denied.

19.     Paragraph 19 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 19 are denied.

20.     Paragraph 20 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 20 are denied.

21.     Denied.

*B.     DPH Mandates for the Care of Section 35 Commitments*

22.     Paragraph 22 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 22 are denied.

23.     Paragraph 23 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 23 are denied.

24.     Paragraph 24 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 24 are denied.

25.     Admitted.

26. Defendants admit that WATC provides acute treatment service beds and clinical stabilization beds. Defendants admit that WATC is staff-secured. The remaining allegations in paragraph 26 are denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendants admit that women committed at WATC meet with case managers on a daily basis. The allegations in the second sentence of paragraph 30 are admitted. All other allegations in paragraph 30 are denied.

31. Admitted.

32. Defendants admit that women committed at WATC are provided treatment during detoxification according to protocols. Those protocols speak for themselves.

33. Defendants admit that, after detoxification, women committed to WATC reside in four-person rooms and are permitted to have personal items that are not forbidden by institutional rules and regulations. The remaining allegations of paragraph 33 are denied.

34. Defendants admit the allegations in the first sentence of paragraph 34. The allegations in the second sentence of paragraph 34 are denied.

C.   *MCI-Framingham*

35. Defendants admit that MCI-Framingham is the most secure prison for women in Massachusetts. Defendants state that the report referenced in paragraph 35 speaks for itself. The remaining allegations of paragraph 35 are denied.

36. Admitted.

37. Admitted.

38. Paragraph 38 asserts conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 38 are denied.

39. Defendants admit that individuals who are committed to MCI-Framingham are housed with individuals who are awaiting trial. All other allegations in paragraph 38 are denied.

40. Admitted.

41. Admitted.

42. Defendants admit that personal property not permitted by institutional rules and regulations is taken from individuals who are civilly committed for the duration of their civil commitment at MCI-Framingham. Defendants admit that individuals are issued clothing to wear during their commitment at MCI-Framingham.

43. Admitted.

44. Defendants deny the characterization of the level of privacy afforded to individuals in the infirmary unit in paragraph 44. The remaining allegations of paragraph 44 are admitted.

45. Admitted.

46. Denied.

47. Defendants state that the protocols and federal regulations referenced in paragraph 47 speak for themselves. All other factual allegations in paragraph 47 are denied.

48. Defendants admit that individuals civilly committed at MCI-Framingham are sometimes housed with pretrial detainees in a temporary modular building. All other allegations of paragraph 48 are denied. Defendants further state that the report referenced in the footnote to paragraph 48 speaks for itself.

49. Admitted.

50. Defendants admit that individuals civilly committed at MCI-Framingham are supervised by uniformed correctional officers. All other allegations in paragraph 50 are denied.

51. Defendants admit that civilly committed individuals are subject to searches and regular "counts" at various times during the day. All other allegations in paragraph 51 are denied.

52. Defendants admit that individuals civilly committed at MCI-Framingham have access to an outdoor recreation area that is surrounded by a chain link fence with dark netting and a gravel floor. Defendants deny that the outdoor recreation area is a "cage" or that access to the outdoor recreation area is limited to a maximum of two and a half hours a day, six days per week. Defendants admit that individuals civilly committed at MCI-Framingham do not have access to the prison recreation yard. Defendants further admit that no one is permitted to bring water either into the yard or the outdoor recreation area available to individuals civilly committed. All other allegations in paragraph 52 are denied.

53. Denied.

### D.  *The Impact of Incarceration under Section 35*

54. The allegations in paragraph 54 appear to be a generalization based on information that is not cited or provided in the body of this paragraph or otherwise in the complaint; as such, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. The allegations in paragraph 55 appear to be generalizations based on information that is not cited or provided in the body of this paragraph or otherwise in the complaint; as such, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions of unidentified persons alleged in paragraph 56.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions of unidentified persons alleged in paragraph 57.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions of unidentified persons alleged in paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions of unidentified persons alleged in the second sentence of paragraph 59.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions of unidentified persons alleged in the second sentence of paragraph 60.

61. Denied.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the subjective perceptions or statements of unidentified persons alleged in the second sentence of paragraph 62.

63. The allegations in paragraph 63 appear to be generalizations based on information that is not cited or provided in the body of this paragraph or otherwise in the complaint; as such, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. Denied.

65. Denied.

66. Defendants state that the report referenced in paragraph 66 speaks for itself.

67. Defendants state that the report referenced in paragraph 67 speaks for itself.

68. Defendants state that the report referenced in paragraph 68 speaks for itself.

69. Denied.

## ALLEGATIONS RELATING TO PLAINTIFF JANE DOE

70. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80.

## CLASS ACTION ALLEGATIONS

81. Paragraph 81 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 81 are denied.

82. Paragraph 82 states a summary definition of the purported class to which no response is required.

83. Paragraph 83 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 83 are denied.

84. Paragraph 84 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 84 are denied.

85. Paragraph 85 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 85 are denied.

86. Paragraph 86 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 86 are denied.

87. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87. To the extent a response is required, the allegations in paragraph 87 are denied.

## CLAIMS FOR RELIEF

### COUNT I

88. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

89. Paragraph 89 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 89 are denied.

90. Paragraph 90 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 90 are denied.

91. Paragraph 91 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 91 are denied.

92. Paragraph 92 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 92 are denied.

93. Paragraph 93 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 93 are denied.

94. Paragraph 94 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 94 are denied.

### COUNT II

95. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

96. Paragraph 96 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 96 are denied.

97. Paragraph 97 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 97 are denied.

98. Paragraph 98 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 98 are denied.

99. Paragraph 99 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 99 are denied.

100. Paragraph 100 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 100 are denied.

101. Paragraph 101 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 101 are denied.

102. Paragraph 102 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 102 are denied.

## **COUNT III**

103. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

104. Defendants state that the Massachusetts Declaration of Rights speaks for itself.

105. Defendants state that the Massachusetts Declaration of Rights speaks for itself.

106. Defendants state that the Massachusetts Declaration of Rights speaks for itself.

107. Defendants state that the Constitution of the Commonwealth of Massachusetts speaks for itself.

108. Paragraph 108 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 108 are denied.

109. Paragraph 109 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 109 are denied.

110. Paragraph 110 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 110 are denied.

111. Paragraph 111 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 111 are denied.

112. Paragraph 112 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 112 are denied.

## COUNT IV

113. Defendants incorporate their responses to the preceding paragraphs as if set forth fully herein.

114. Defendants state that the Constitution of the Commonwealth of Massachusetts speaks for itself.

115. Paragraph 115 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 115 are denied.

116. Paragraph 116 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 116 are denied.

117. Paragraph 117 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 117 are denied.

118. Paragraph 118 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 118 are denied.

119. Paragraph 119 asserts a conclusion of law to which no response is required. To the extent a response is required, the allegations in paragraph 119 are denied.

**PRAYER FOR RELIEF**

Defendants deny that the plaintiff is entitled to any of the relief sought in their Prayer for Relief set forth in the complaint.

Defendants further deny any allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's claims, or some of them, are barred by the doctrine of sovereign immunity.

3. Plaintiff's claims, or some of them, should be dismissed or stayed under the doctrine of abstention.

4. Plaintiff's claims are barred by the doctrines of res judicata, estoppel, and preclusion.

5. The claims arising out of the subject matter of the occurrences alleged are subject to administrative remedies that have not been exhausted.

6. Counts III and IV of the complaints, which seek to compel state officials to conform their conduct to state law, are barred by the Eleventh Amendment to the United States Constitution.

Respectfully submitted,

DEVAL L. PATRICK, MASSACHUSETTS
DEPARTMENT OF CORRECTION, LUIS S.
SPENCER, and LYNN BISSONNETTE,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ John M. Stephan
John M. Stephan, BBO #649509
Assistant Attorney General
Government Bureau
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2959

DATED: August 11, 2014                        John.Stephan@state.ma.us

## CERTIFICATE OF SERVICE

I certify that, on August 11, 2014, this document was filed through the Electronic Case Filing (ECF) system and thus copies of will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on or before August 11, 2014.

/s/ John M. Stephan
John M. Stephan
Assistant Attorney General